IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

THOMAS GERARD MAUTONE,

        Defendant.
_____

6:17-cr-00237-MC

**OPINION AND ORDER**

**MCSHANE, District Judge**

    Following his convictions for wire fraud, Defendant Thomas Gerard Mautone moves to vacate or set aside his convictions under 28 U.S.C. § 2255. Because he has not shown that his constitutional rights have been denied or infringed upon, Mr. Mautone's § 2255 Motion, ECF No. 326, is DENIED.

## BACKGROUND

    On November 9, 2022, a jury found Mr. Mautone guilty of four counts of wire fraud in violation of 18 U.S.C. § 1343. J. & Commitment 1, ECF No. 283. On appeal, Mr. Mautone raised four errors alleged to have occurred at trial: (1) the evidence was insufficient to support his convictions; (2) the district court erred and abused its discretion in admitting evidence of his prior conviction; (3) the denial of his last-minute motion to continue trial deprived him of his constitutional rights to a fair trial and due process; and (4) his sentence is procedurally and substantively unreasonable. Appellant's Opening Br. at 8, 18, 24, 28, *United States v. Mautone*, No. 22-30180 (9th Cir. Nov. 9, 2022). The Court of Appeals for the Ninth Circuit affirmed the trial court's ruling. Ct. of Appeals Mem., at 1, ECF No. 322. First, the Court of Appeals held there

1 – OPINION AND ORDER

was sufficient evidence to support the convictions because a rational trier of fact could have found that Mr. Mautone intended to deprive the victim of money at least momentarily. *Id*. at 2. Second, the court held that Mr. Mautone's challenge to the admission of evidence of his prior wire fraud conviction fails because the admission was not unduly prejudicial and the logical connection between the prior conviction and the charged wire fraud was proper. *Id*. at 3–6. Third, the court held that the district court did not abuse its discretion by denying Mr. Mautone's request for a continuance on the first day of trial because he failed to show that he was prejudiced by the denial. *Id*. at 7. Finally, the court held that Mr. Mautone's sentence was not procedurally or substantively unreasonable because his sentence was below the Guidelines range. *Id*. at 9–10.

Mr. Mautone now moves, under 28 U.S.C. § 2255, to set aside his conviction on two grounds: (1) the district court's denial of his motion to continue trial violated his constitutional rights to a fair trial and due process; and (2) ineffective assistance of counsel. Def.'s § 2255 Mot. 1 at 4–5, ECF No. 326.

## STANDARDS

A prisoner serving a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). An evidentiary hearing is required, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). When there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

## DISCUSSION

**I. Denial of the Motion to Continue**

2 – OPINION AND ORDER

Mr. Mautone argues that this Court's denial of his motion to continue the trial violated his constitutional rights to a fair trial and due process. Def.'s. § 2255 Mot. 4. Tragically, Mr. Mautone's mother died on the third day of the trial. *Id*. He argues that the confluence of the court's denial and his mother's death prevented him from making an "intelligent decision as to whether to take the stand to testify" in his defense. *Id*. Although Mr. Mautone argued this issue on direct appeal, the Ninth Circuit rejected it. Ct. of Appeals Mem., at 7.

Generally, 28 U.S.C. § 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction. *United States v. Marchese*, 341 F.2d 782, 789 (9th Cir. 1965). While this Court has sympathy for the loss of Mr. Mautone's mother, it is unconvinced that the parallel events to the trial disabled his ability to sufficiently participate in his defense. The prior holding is neither clearly erroneous nor a manifest injustice. *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 281 (9th Cir. 1996). Mr. Mautone may not now invoke 28 U.S.C. § 2255 to relitigate this question. *Marchese*, 341 F.2d at 789.

## II. Ineffective Assistance of Counsel

Mr. Mautone alleges that his former counsel was ineffective in failing to object to the Government's proposed jury instructions regarding vicarious liability. Def.'s. § 2255 Mot. 5. He argues he was impermissibly prejudiced by the lack of objection. *Id*.

To establish a claim of ineffective assistance of counsel, a defendant must show that their lawyer's performance was unreasonably deficient in a manner that prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must show that their counsel's representation fell below an objective standard of reasonableness. *Id*. at 687–88. There is a weighty presumption that a counsel's conduct lands within the "wide range of reasonable professional

assistance." *Id.* at 689. A defendant can only establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Court of Appeals rejected Mr. Mautone's argument that insufficient evidence existed to hold him vicariously liable for an email sent by one of his co-schemers. Ct. of Appeals Mem., at 2. Specifically, Mr. Mautone argues that the evidence was insufficient because the "Indictment does not charge a conspiracy." Def.'s. § 2255 Mot. 5. However, conspiracy does not need to be charged or proved for vicarious liability of substantive counts of mail or wire fraud. *United States v. Stapleton*, 293 F.3d 1111, 1117 (9th Cir. 2002). A reasonable factfinder could conclude it was foreseeable for Mr. Mautone's co-schemer to send a deceptive email to the victim. It was reasonable for Mr. Mautone's former counsel to not contest the jury instruction on vicarious liability given the sufficiency of the evidence and legal precedent. Because Mr. Mautone fails to show either element of ineffective assistance of counsel, his claim is not grounds to vacate or set aside his conviction.

## CONCLUSION

Mr. Mautone's Motion to vacate or set aside his sentence under 28 U.S.C. § 2255 is DENIED. Because Mr. Mautone has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 23rd day of September 2025.

        /s/ Michael J. McShane
        MICHAEL J. MCSHANE
        U.S. District Judge